# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL CASE NO.  1:08cv535
### [Criminal Case No. 1:06cr20-1]

| | | |
|---|---|---|
| EARL SPENCER BOYCE, | ) | |
| | ) | |
| Petitioner, | ) | **CORRECTED** |
| | ) | **MEMORANDUM OF DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1], and the Government's Motion for Summary Judgment [Doc. 5].

## PROCEDURAL HISTORY

On March 1, 2006, Petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One), and distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two). [Criminal Case No.1:06cr20, Doc. 3].  On April 27, 2006, Petitioner entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Count One in exchange for the dismissal of Count Two. [Id., Doc. 15, ¶¶ 1 and 2].  Pertinent here, the Agreement contained the parties' acknowledgment

that Petitioner was facing a statutory maximum term of ten years imprisonment unless he was found to be an armed career criminal. [Id. at ¶ 4]. Furthermore, the Agreement noted Petitioner's stipulation that any sentence within the applicable guideline range as determined by the Probation Office and pursuant to any departures from the applicable range as recommended by the Government was "per se reasonable." [Id. at ¶ 21]. The Agreement also contained the parties' stipulation that the appropriate sentence was one within "the applicable guideline range," and that, other than the possibility of a sentence reduction for Petitioner's substantial assistance, neither party would seek a departure from that range. [Id. at ¶ 7(c)].

Concerning his post-conviction rights, the Agreement contained a clause by which Petitioner waived his rights to, inter alia, challenge his conviction and/or sentence on any grounds except for ineffective assistance of counsel or prosecutorial misconduct, that his sentencing calculations were inconsistent with an explicit stipulation in his Plea Agreement, or that an unanticipated, unusual issue arose during sentencing and required review by the Circuit Court. [Id. at ¶ 19].

The Court held Petitioner's Rule 11 hearing on May 1, 2006, at which time he was placed under oath and participated in a lengthy colloquy with the Magistrate Judge to ensure that he was intelligently and freely entering his

guilty plea. [Id., Doc. 16]. During that colloquy, Petitioner told the Court that he had discussed the charge and corresponding penalties with counsel, he understood those matters, he had taken ample time to discuss possible defenses with counsel, his attorney had discussed how the United States Sentencing Guidelines (U.S.S.G.) applied in his case, he understood the rights that he was relinquishing by virtue of his guilty plea, he understood and agreed to the terms of his Plea Agreement, he was satisfied with the services of his attorney, and he was tendering his guilty plea because he was, in fact, guilty of the offense. [Id. at 3-8]. Based upon that colloquy and Petitioner's answers, the Court concluded that his guilty plea should be accepted. [Id. at 9].

On February 7, 2007, Petitioner filed a letter-motion requesting substitute counsel, essentially claiming that counsel had failed to communicate with him since his Rule 11 hearing. [Id., Doc. 20]. After conducting a hearing, the Magistrate Judge determined that counsel had communicated concerning relevant matters but had not visited Petitioner to discuss sentencing because his Pre-Sentence Report had not yet been completed. [Id., Doc. 21]. Accordingly, the Court denied that letter-motion. [Id.].

On June 5, 2007, the Court held Petitioner's Sentencing hearing. At the outset of that proceeding, Petitioner advised the Court that although he and

counsel had reviewed his original Pre-Sentence Report, they had not reviewed the revised Report. [Criminal Case No. 1:06cr20, Doc. 41, Sentencing Transcript at 3]. Upon further inquiry with counsel, however, the Court learned that the Report was revised based upon objections that defense counsel filed, and the revision related solely to an assault charge that was filed against Petitioner for his conduct at the Caldwell County Jail. [Id.]. Counsel further advised that the revisions did not affect the Guidelines calculations. [Id.]. Therefore, the Court accepted defense counsel's representation that she and Petitioner did not need additional time to review that Report. [Id.]. The Court then adopted the revised Report, including its findings that Petitioner's total offense level was 21, his criminal history category was VI and his corresponding advisory range of imprisonment was 77 to 96 months. [Criminal Case No. 1:06cr20, Doc. 27].

Thereafter, defense counsel informed the Court that the assault occurred after Petitioner had been at the jail for almost a full year and Petitioner was not yet convicted of the charge. [Criminal Case No. 1:06cr20, Doc. 41, Sentencing Transcript at 4]. Counsel also told the Court that Petitioner had provided assistance to the Government, he had some cognitive deficiencies, and she requested a sentence at the low end of the advisory guidelines range. [Id. at 4-5]. Petitioner addressed the Court and further

4

explained the circumstances of his assault charge, stating that the charge was due to "a misunderstanding of what's going on at [the] Jail;" and that he only began to experience problems after a new officer came to work there. [Id. at 5]. Petitioner also briefly addressed his assistance to the Government and then asked for lenience. [Id. at 6-7]. The Government gave the Court a copy of a letter from a jail official detailing Petitioner's conduct while in detention. [Id. at 7]. Such letter from an administrator at the jail indicated that since December 2006, Petitioner had continuously violated jail policy by "instigating insurrections, damaging property, larceny, insubordination, communicating threats, attempting to smuggle contraband, and assault." [Doc. 4-2]. The Court considered all of the information before it along with the factors listed in 18 U.S.C. § 3553(a) and sentenced Petitioner to 96 months' imprisonment.[1] [Sentencing Transcript at 7].

Petitioner, with the assistance of new counsel, timely appealed his case to the United States Court of Appeals for the Fourth Circuit where he argued that trial counsel was ineffective in failing to advise him of a specific aspect of his speedy trial rights and in failing to object to the Government's decision not to seek a downward departure under U.S.S.G. § 5K1.1. United States v.

---

[1] Petitioner was sentenced by Judge Lacy H. Thornburg who has since retired. His case has been reassigned to the undersigned.

Boyce, 263 F. App'x 336 (4th Cir. 2008) (unpublished).  The Circuit Court, however, affirmed Petitioner's Judgment, declining to address his claims because trial counsel's alleged ineffectiveness did not appear conclusively on the face of the record, holding that such claims had to be raised in a collateral proceeding.  Id. at 336-37.

Accordingly, on November 25, 2008, Petitioner timely filed the instant Motion to Vacate alleging that his sentence is excessive and that he was subjected to several instances of ineffective assistance of counsel. [Doc. 1]. Specifically, Petitioner claims that the Court used prejudicial information to determine his sentence, thereby resulting in an "excessive sentence . . . near the top of the statutory maximum range." [Id., at 7].  Petitioner further claims that trial counsel: (1) failed to review the revised Pre-Sentence Report with him, thereby preventing him from objecting to certain matters in said Report; (2) failed to "advocate" that the Government move for a downward departure under U.S.S.G. § 5K1.1 for his substantial assistance as was contemplated by his Plea Agreement; and (3) mishandled his sentencing proceeding by failing to seek a downward departure on the basis of his mental disability, failing to advise him of the availability of a sentence reduction under the "Safety Valve," failing to argue that the Court's consideration of the prejudicial information about his new assault charge was a violation of his Fifth and Sixth

Amendment rights, and failing to object to both the inclusion of that information in his Pre-Sentence Report and to the Court's consideration of it for sentencing purposes. [Doc. 1 at 5-10]. Petitioner also claims that appellate counsel was ineffective for failing to ask Petitioner if he had issues to raise on appeal, and for failing to advise him of his right to file a petition for certiorari review in the Supreme Court. [Id. at 3 and 17].

On April 13, 2009, Respondent filed its Answer, denying the material portions of Petitioner's claims. [Doc. 4]. Respondent contends, in part, that Petitioner's claim of an excessive sentence is procedurally barred, waived under the terms of his Plea Agreement and, in any event, lacking in merit. [Id. at 12-14.]. Respondent further contends that Petitioner's claims that trial and appellate counsel were ineffective must be rejected for his failure to demonstrate deficient performance and/or resulting prejudice. [Id. at 15-25]. Respondent's Motion is accompanied by Affidavits from Petitioner's former attorneys. [Docs. 4-4 and 4-5].

On April 13, 2009, the Government filed a Motion for Summary Judgment, and the following day the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to file a response to the Motion for Summary Judgment, and explaining the requirement that he present his own evidence by affidavit or

unsworn declarations. [Doc. 6].  Despite this admonition, Petitioner has filed

two Responses wherein he merely argues his positions concerning his claims.

[Docs. 7 and 8].  That is, Petitioner has not filed his own affidavits or unsworn

declarations in opposition to Respondent's evidentiary forecast.

## STANDARD OF REVIEW

At the time Respondent's Motion for Summary Judgment was filed,

Federal Rule of Civil Procedure 56 provided in pertinent part:

> When a motion for summary judgment is properly
> made and supported, an opposing party may not rely
> merely on allegations or denials in its own pleading;
> rather, its response must – by affidavits or as
> otherwise provided in this rule – set out specific facts
> showing a genuine issue for trial.  If the opposing
> party does not so respond, summary judgment
> should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2009).[2]

> Under the Federal Rules of Civil Procedure, summary
> judgment shall be awarded "if the pleadings,
> depositions, answers to interrogatories, and
> admissions on file, together with the affidavits . . .
> show there is no genuine issue as to any material fact
> and that the moving party is entitled to a judgment as
> a matter of law." Fed.R.Civ.P. 56(c).  As the Supreme
> Court has observed, "this standard provides that the
> mere existence of *some* alleged factual dispute
> between the parties will not defeat an otherwise
> properly supported motion for summary judgment; the

---

[2] Rule 56 was amended effective December 1, 2010.  The substance of the
standard as it applies to this case was not changed by that amendment.

requirement is that there be no *genuine* issue of *material* fact."

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue[.]" Furthermore, neither [u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," summary judgment, if appropriate, shall be entered."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) cert. denied 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed. 2d 732 (2004) (emphasis in original).

## DISCUSSION

Petitioner claims that his 96-month sentence is excessive because the Court considered in determining his sentence information concerning the assault charge stemming from conduct while Petitioner was being held for the current charges. [Doc. 1 at 3 and 7]. Petitioner, however, pled guilty pursuant to a Plea Agreement wherein he waived his right to challenge his sentence on this ground. [Criminal Case No. 1:06cr20, Doc. 15 at ¶ 19]. In fact, the Agreement contained Petitioner's stipulation that any sentence within the

applicable guideline range was appropriate, and that such a sentence was <u>per se</u> reasonable. [<u>Id.</u> at ¶7(c) and 21].

The law is well-established that a knowing and voluntary waiver of the right to collaterally challenge a conviction or sentence is valid and enforceable. <u>United States v. Lemaster</u>, 403 F.3d 216, 221–22 (4th Cir.2005). Petitioner does not challenge his guilty plea. Indeed, the record shows that during his plea hearing, Petitioner swore under oath that he understood the terms of his Plea Agreement, including the subject waiver provision and stipulations; and that the Magistrate Judge found his plea to be knowing and voluntary. [Criminal Case 1:06cr20, Doc. 16 at 7 and 9]. Therefore, the foregoing provisions are valid and enforceable against Petitioner. Furthermore, Petitioner's substantive challenge to his sentence does not fall within the scope of the exceptions to the waiver provision; consequently, such waiver stands as an absolute bar to his attempt to challenge his sentence on the basis alleged.

To the extent Petitioner's claim is not barred by waiver, it is defaulted due to his failure to raise it on direct appeal. Generally, claims that could have been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." <u>Bousely v. United States</u>, 523 U.S. 614, 621, 118 S.Ct. 1604, 140

L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not raised on direct appeal, a petitioner must show both cause to excuse his default and actual prejudice resulting from the errors of which he is complaining, or he must show that a "miscarriage of justice" would result from the court's refusal to consider his claim. United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir.1999) cert. denied, 529 U.S. 1010, 120 S.Ct. 1283, 146 L.Ed 2d 230 (2000) (citing United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Other than his conclusory and contradictory allegations -- that counsel failed to ask him about the matters he wanted to appeal, he did not become aware of his claims until after his appeal was concluded, and the Court of Appeals overlooked a lot of his claims -- Petitioner has not alleged any matter that could arguably demonstrate cause and prejudice or a miscarriage of justice in order to excuse his procedural default of the claim. Bouchat, 346 F.3d at 519 (mere allegations or unsupported speculation insufficient to withstand summary judgment).

Nevertheless, even if the instant claim were not barred by waiver or procedural default, the claim would still not entitle Petitioner to any relief. The Fourth Circuit already has noted that Petitioner was sentenced within his

"properly calculated" sentencing guidelines range. <u>Boyce</u>, 263 F. App'x at *

1. Moreover, Petitioner's 96-month sentence does not exceed the applicable

10-year statutory maximum term. Thus, inasmuch as Petitioner has failed to

explain how that sentence is excessive or otherwise unreasonable under 18

U.S.C. § 3553(a), he has failed to show a valid ground on which to challenge

his sentence. "[A] sentence imposed within the properly calculated advisory

Guidelines range is presumptively reasonable . . . . [A] defendant can only

rebut the presumption by demonstrating that the sentence is unreasonable

when measured against the § 3553(a) factors." <u>United States v. Montes-</u>

<u>Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) cert. denied, 551 U.S. 1163, 127

S.Ct. 3044, 168 L.Ed 2d 759 (2007) (internal quotation marks and citations

omitted).

Petitioner was sentenced within the guideline range. Petitioner

stipulated in his plea agreement that any sentence within the guideline range

would be reasonable. The Fourth Circuit has held that a sentence within the

guideline range is presumed reasonable. Petitioner's current argument that

his sentence is excessive (unreasonable) is, for the reasons state, without any

merit.

Turning next to Petitioner's claims regarding the performance of his

former trial attorney, the Supreme Court has provided the test for determining

whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. Id. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability that a reasonable defendant in the petitioner's situation would not have pleaded guilty but would have insisted on going to trial. Id., at 688; Bustos v. White, 521 F.3d 321 (4th Cir. 2008) (applying Strickland standard to defendant who entered plea agreement) (citations omitted). When, there are allegations that counsel was ineffective at sentencing, a petitioner must show that his "sentence would have been more lenient absent counsel's errors." Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999), cert. denied 528 U.S. 1000, 120 S.Ct. 465, 145 L.Ed. 2d 379 (1999).

In reviewing claims of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Indeed, the Court must make "every effort . . . to eliminate the distorting effects of hindsight," operating, instead with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A petitioner bears the burden of proving Strickland prejudice and if he fails to do so "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir.) cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed. 2d 76 (1992).

Petitioner claims that trial counsel was ineffective for failing to review the revised Pre-Sentence Report with him. [Doc. 1 at 5]. Petitioner asserts that counsel's conduct deprived him of a fair chance to object to the disclosure of the information regarding the jail assault or to any of his criminal history points. [Doc. 7 at 1]. Petitioner, however, cannot prevail because he has failed to show any prejudice arising from such alleged deficiency. The record shows that Petitioner and counsel reviewed his initial Pre-Sentence Report and that pursuant to Federal Rule of Criminal Procedure 32(g) he received a copy of the revised Report one week prior to sentencing. [Criminal Case No. 1:06cr20, Doc. 41,Sentencing Transcript at 3]. Furthermore, the revised Report was issued *as a result of defense counsel's objections* and the revision

related exclusively to Petitioner's assault charge, a matter of which he does not claim he was unaware. [Id.]. In addition, counsel's uncontroverted statement in her Affidavit reflects that she discussed that new information with Petitioner before his sentencing hearing began, [Doc. No. 4-4 at ¶ 21], and that this was stated during the sentencing hearing. [Criminal Case No. 1:06cr20, Doc. 41,Sentencing Transcript at 3] Thus, it is clear that Petitioner knew about the subject information in time to have complained about any matters that he found objectionable. Nevertheless, when Petitioner addressed the Court he merely provided background for the subject charge, claiming that it was the result of a misunderstanding. [Criminal Case No. 1:06cr20, Doc. 41, Sentencing Transcript at 5-6].

Furthermore, Petitioner's suggestion that he would have objected to the inclusion of that information on the ground that the charge was dismissed prior to sentencing is unavailing. Indeed, Petitioner does not rebut trial counsel's assertion that he never told her that the charge was dismissed. Nor did Petitioner give any indication of that dismissal when he addressed the Court in his own behalf.

Moreover, as the Supreme Court recently reaffirmed, "[b]oth Congress and the Sentencing Commission . . . expressly preserved the traditional discretion of sentencing courts to conduct an inquiry broad in scope, largely

unlimited either as to the kind of information they may consider, or the source from which it may come." Pepper v. United States, ___ U.S. ___, 131 S.Ct. 1229, 1240, 179 L. Ed.2d 196 (2011); Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) ("Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior."). Therefore, Petitioner cannot demonstrate any prejudice in connection with his argument that counsel was ineffective for failing to review the revised Report with him.

Likewise, for these same reasons, Petitioner cannot establish any prejudice in connection with his related claim that counsel was ineffective for failing to challenge the inclusion of the information regarding the assault in the revised Report or for failing to object to the Court's consideration of that information. As counsel properly noted, the inclusion of the information related to the assault charge did not change the guideline range as calculated in the original Report. [Doc. 4-4 at ¶20-21]. As explained above, sentencing courts have broad discretion in determining the types of information to consider when fashioning defendants' sentences. Nichols, 511 U.S. at 747.

Next, Petitioner's claims that counsel was ineffective for failing to "advocate" that the Government move for a downward departure based upon

his assistance pursuant to U.S.S.G. §5K1.1. [Doc. 1 at 6]. Petitioner argues that such a motion was required under his Plea Agreement; and that the Government violated that Agreement by refusing to seek the departure. [Id.]. The record, however, reflects that this claim is factually baseless.

Petitioner's Plea Agreement does not contain an unconditional promise by the Government to seek a §5K1.1 downward departure. Instead, the Agreement gave the Government the "*sole discretion*" to determine whether any assistance provided by Petitioner was substantial, and to determine whether or not to make a motion for downward departure. [Criminal Case No. 1:06cr20, Doc. 15, at ¶ 23(a) and (b)]. Despite Petitioner's assertion that he provided substantial assistance, the Government reports that it did not move for the departure because it determined, in its sole discretion, that "the information provided by Petitioner did not constitute substantial assistance." [Doc. 4 at 18]. Therefore, the Government did not breach its Agreement by declining to move for a downward departure.

Furthermore, the law is clear that in the absence of showing either a breached agreement or an unconstitutional motive, "a claim that a defendant merely provided substantial assistance will not entitle [him] to a remedy or even to discovery or an evidentiary hearing." Wade v. United States, 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); United States v. Maddox,

48 F.3d 791 (4th Cir. 1995) ("[A]bsent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure from the . . . Guidelines range based on substantial assistance."). The Court has already determined that the Government did not breach the plea agreement, and Petitioner does not allege that the decision not to move for the departure was motivated by some unconstitutional factor. Therefore, Petitioner cannot demonstrate either deficient performance or prejudice as counsel would have had no basis for urging the Government to move for a downward departure under § 5K1.1.

Petitioner also claims that his attorney was ineffective for failing to seek a downward departure on the basis of his "mental health issues." [Doc. 1 at 9-10]. Notably, however, Petitioner fails to explain how he believes counsel could have circumvented the promise in his Plea Agreement that he would *not* seek any such departures so long as he was sentenced within the applicable guidelines range. Lemaster, 403 F.3d at 220 n.2 (citing United States v. Marin, 961 F.2d 493 (4th Cir. 1992)).

Furthermore, the guidelines provide that a defendant's mental or emotional condition is not ordinarily relevant to any sentencing decision and, therefore, is a discouraged factor for departure under the guidelines. U.S.S.G. § 5H1.3. Consequently, a petitioner can secure a departure on that

basis only if "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" United States v. DeBeir, 186 F.3d 561, 566 (4th Cir. 1999) (quoting Koon v. United States, 518 U.S. 81, 95-96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). "[Ii]n order for a defendant's mental condition to be considered a significantly reduced mental capacity within the meaning of § 5K2.13 [of the guidelines], the defendant must have been unable to process information or to reason." United States v. Goossens, 84 F.3d 69, 701 (4th Cir. 1996) (internal quotation marks and citation omitted). Indeed, "'reduced mental capacity refers to a lack of full intellectual functioning . . . [It] comprehends both organic dysfunction and behavioral disturbances that impair the formations of reasoned judgments.'" Id. (quoting United States v. Cantu, 12 F.3d 1506, 1512-13 (9th Cir. 1993)).

Contrary to his argument, Petitioner's Pre-Sentence Report does not disclose that he is or was "mentally disabled" or that he suffered from a diminished capacity. The Report merely notes that he functions within the borderline range of intelligence.

In addition, Petitioner's representations during his Rule 11 hearing show that he was not undergoing mental health treatment at the time that he committed this offense. Rather, Petitioner reported that he had received

mental health treatment when he was in high school, and had a mental health evaluation at a Greenville, S.C. hospital in 1992 – both occasions having occurred more than ten years prior to the commission of the offense of conviction. [Criminal Case No. 1:06cr20, Doc. 16].   Accordingly, Petitioner was not prejudiced by counsel's decision not to pursue such a departure.

Petitioner also asserts that his attorney was ineffective for failing to advocate the application of the Safety Valve provision of 18 U.S.C. § 3552(f)(1) and (2).  Those provisions, however, are not available when the defendant has more than one criminal history point, or he possesses a firearm in connection with the offense of conviction.  Id..  Because Petitioner's Pre-Sentence Report reflects that he had **27** criminal history points and his offense of conviction was **for** the unlawful possession of a firearm, he was ineligible for a reduction under the Safety Valve provision.   This argument by the Petitioner is frivolous.

Petitioner's final claim is that appellate counsel was ineffective for failing to ask him about the claims he wanted to raise on appeal and for failing to inform him of his right to seek certiorari review at the Supreme Court.  [Doc. 1 at 3 and 17].

The right to the effective assistance of counsel as articulated in Strickland also requires such assistance on direct appeal of a criminal

conviction.  Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000), cert. denied, 534 U.S. 830, 122 S.Ct. 74,151 L.Ed.2d 39 (2001) (citing Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)).  In applying the Strickland two-pronged test to claims made regarding appellate attorneys, "reviewing courts must accord appellate counsel the presumption that he decided which issues were most likely to afford relief on appeal.  Evitts, 469 U.S. at 164. (internal quotation marks and citation omitted).  Furthermore, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal . . . ."  Id.  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Id. (internal quotation marks and citations omitted).

Petitioner complains that counsel failed to find out what claims he wanted to raise. [Doc. 1 at 17].  Notably, Petitioner does not allege that he actually *wanted* to raise any additional claims on appeal.  Neither does he identify any issues that he asserts should have been raised.  Just as a petitioner cannot establish ineffective assistance based on a general claim that additional witnesses should have been called without identifying who they are and the substance of what their testimony, Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991), he cannot rely on a blanket assertion that "additional"

issues should have been raised.  Petitioner simply states that "a lot of issues that [he has] raised in [his] (2255) appeal motion were not raised in [his] direct appeal," thereby suggesting that he would have raised one or more of his habeas claims on direct appeal. [Id.].  Nevertheless, because the Court has determined that none of the foregoing claims entitle him to any relief, Petitioner cannot overcome the presumption of effectiveness to which appellate counsel is entitled.  Thus, Petitioner cannot prevail on this portion of his claim.

On the hand, Petitioner alleges, and appellate counsel concedes, that Petitioner was not advised of his right to seek certiorari review in the Supreme Court.[3]  In United States v. Tejeda-Ramirez, 380 F. App'x 252 (4th Cir. 2010) (unpublished), the Court addressed a similar claim by a § 2255 petitioner who alleged that appellate counsel was ineffective for failing to timely notify him of his right to seek certiorari review after his direct appeal was rejected.  Id. at 253.  The District Court had declined to review the claim based upon its

---

[3] The Petition herein [Doc. 1] is very ambiguous as to whether Petitioner is making this claim.  The Petition consists of two parts: a lengthy narrative setting forth Petitioner's claims [Id. at 5-19], and a form from the statutory appendix filled in by Petitioner. [Id. at 1-4].  The narrative does not mention this claim at all.  In the form, Petitioner mentions only one of the grounds of his direct appeal, that counsel failed to advocate for a §5K1.1 departure. [Id. at 2, "Ground Two"].  In response to the inquiry in the part of the form relating to Ground Two asking Petitioner to "explain why you did not appeal or raise this issue," Petitioner answered "My counsel was ineffective by not informing me about the (certiorari) appeal [sic]." [Id. at 2-3].  Out of an abundance of caution the Court will address this as though Petitioner has raised the claim.

conclusion that it lacked authority to order an appropriate remedy for the alleged violation. In addressing the claim, the Circuit Court first noted that the Supreme Court previously granted relief, under the Criminal Justice Act, for an out-of-time pro se petitioner whose counsel had promised but failed to file for certiorari review. Id. at 254 (citing Wilkins v. United States, 441 U.S. 468, 99 S.Ct 1829, 60 L.Ed.2d 365 (1979)). The Court further noted its earlier decision in Profitt v. United States, 549 F.2d 910, 912 (4th Cir. 1976), cert. denied, 429 U.S. 1076, 97 S.Ct. 818, 50 L.Ed.2d 795 (1977), wherein it vacated a district court's order dismissing a § 2255 claim that an attorney had failed to advise his client of the result of his appeal and of his right to seek certiorari review. The Profitt Court, citing the Circuit's CJA Plan, found that the District Court erred in concluding that appellate counsel had no duty to consult the petitioner concerning the matters in question. Id. at 912-13. Thus, Profitt remanded the case for a determination of whether appellate counsel had, in fact, been ineffective as alleged. Id. at 913. Based upon that precedent, the Court of Appeals concluded in Tejeda-Ramirez that its current CJA Plan gave the petitioner a similar right to be advised of the result of his appeal and of his right to file for certiorari. Tejeda-Ramirez, 380 F. App'x at 254. Thus, the Court vacated that portion of the District Court's order and remanded the case for a hearing to determine if counsel had been ineffective

in that regard.  Id.

In the instant case, the Government denies that Petitioner is entitled to any relief on this allegation, [Doc. 4 at 22-24], even though appellate counsel has conceded his failure to consult Petitioner regarding his right to seek certiorari review.  Both prongs of Strickland apply with regard to appellate issues, just as with trial issues.  See, Bell, 236 F.3d at 164; Evitts, 469 U.S. at 396.  The Fourth Circuit in Tejeda-Ramirez indicated that failure to inform a defendant of his rights concerning the filing of a Petition for Certiorari is sufficient to fulfill the performance prong.[4] 380 F. App'x at 254.  See also, Proffitt, 549 F.2d at 913.  The question, once again, is the prejudice prong. Without a showing of prejudice in the failure to inform of the availability of a certiorari petition, Petitioner's ineffective assistance claim in this regard is without merit.  United States v. Eisenhardt, 10 F.Supp.2d 521, 523 (D. Md. 1998); Worthy v. United States, 2011 WL 1062529, 2011 U.S. Dist. LEXIS

---

[4] The Fourth Circuit's CJA Plan provides in relevant part:

> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari.  If the defendant, in writing, so requests *and in counsel's considered judgment there are grounds for seeking Supreme Court review*, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. (Emphasis added).

As such, it is not clear that under Tejeda-Ramirez that failure to inform, without a meritorious ground for the petition, fulfills the performance prong.  In light of the Court's ruling regarding the prejudice prong, however, the Court need not reach this question.

28969 at *14 (M.D.N.C. 2011); Linton v. United States, 2007 U.S. Dist. LEXIS

21635, 2007 WL 984053 at *10 (N.D.W.Va. 2007). Petitioner appealed to the

Fourth Circuit on two grounds, both involving assertions of ineffective

assistance of counsel. Petitioner claimed that counsel had failed to advise

with regard to speedy trial rights[5] and failed to advocate for a §5K1.1

downward departure for substantial assistance. Boyce, 263 F. App'x 336. As

noted in the procedural history above, the Fourth Circuit held on direct appeal

that Petitioner's claims were not cognizable on direct appeal because any

ineffective assistance did not appear on the face of the record. Id.. Thus

Petitioner's appellate counsel could not reasonably have presented a non-

frivolous argument in seeking certiorari with regard to that ruling. Appellate

counsel is not required to assert even all non-frivolous issues on appeal.

Evitts 469 U.S. at 164. Certainly, there is no prejudice in counsel's failure to

petition for certiorari on a frivolous ground, particularly considering the

completely discretionary nature of the Supreme Court's entertaining of

certiorari petitions. United States Supreme Court Rule 10. The Petitioner

having failed to prove prejudice stemming from the failure to inform him of his

rights to file a Petition for Certiorari, he is entitled to no relief on this ground.

---

[5] In his Petition herein, Petitioner does not mention counsel's failure to inform him of his certiorari petition rights with regard to the speedy trial issue. [Doc. 1].

In conclusion, the Court finds that Petitioner is not entitled to any relief on his claims, and this matter will be dismissed.

Finally, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as to any of his allegations. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Furthermore, Petitioner has failed to demonstrate either that this Court's dispositive procedural ruling regarding his claim of sentencing error is debatable, or that his Motion to Vacate states a debatable claim of the denial of a constitutional right regarding that sentencing challenge. <u>Slack</u>,529 U.S. at 484-85. Consequently, the Court declines to issue the certificate as to the remaining claims.

**ORDER**

**IT IS, THEREFORE, ORDERED that:**

1.  Respondent's Motion for Summary Judgment [Doc. 5] is **GRANTED**.

2.  Petitioner's Motion to Vacate is **DENIED** and this matter is **DISMISSED**.

3.  A Certificate of Appealability with regard to the issues addressed herein is **DENIED**.

Signed: August 26, 2011

Martin Reidinger
United States District Judge